UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS E. TERRELL, as Personal
Representative of the Estate of Aaron F. Zylstra,
Deceased, et. al.,
    Plaintiffs,

vs.                                  CASE NO: 6:09-cv-01440-JA-DAB

THE CITY OF PALM BAY, FLORIDA, a
Municipal Corporation of the State of Florida,
et al.
    Defendants,
_____/

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS**

    COMES NOW the Defendant, CITY OF PALM BAY, by and through the undersigned counsel, and hereby moves this Honorable Court for an order striking Plaintiffs' Expert Witness and as grounds therefore states:

1.    On or about December 3, 2009, this Honorable Court entered a Case Management and Scheduling Order (doc #33).

2.    Plaintiffs' deadline for disclosing its expert witnesses and their written reports and/or opinions to Defendants was set for February 8, 2010.

3.    Pursuant to Rule 26 (a)(2)(B) of the Federal Rules of Civil Procedure, Plaintiffs are required to provide Defendants with a copy of a preliminary or final report of opinion and curriculum vitae for each expert witness disclosed by Plaintiff.

4. As of April 6, 2010, no such written expert report and/or opinion or curriculum vitae has been received by the Defendants.

5. Plaintiffs have not made any attempt to communicate to Defendants a need for extension or that there has been any reasonable cause for the delay.

6. Plaintiffs have not filed any request of this Court for an extension to comply with the Rule 26 disclosure of expert witness reports and/or opinions.

7. Due to the non-disclosure of the reports and/or opinions of Plaintiffs' expert witness, Defendants have been prejudiced and do not have the time to conduct necessary discovery to proceed to trial.

8. Defendants are prejudiced should Plaintiffs be allowed to submit expert testimony, records, opinions and/or reports for use at trial in this matter.

## MEMORANDUM OF LAW

**Standard of Review.** Fed.R.Civ.P. 26(a)(2)(B), requires disclosure of "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705". Generally, the Rule mandates that written reports prepared and signed by the expert witness accompany the disclosure if the witness is one specially employed to provide expert testimony in the case. Specifically, "'disclosure of expert testimony' within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written expert reports containing 'a complete statement of all opinions' and 'the basis and reasons therefore.'" *Bray & Gillespie Management LLC v Lexington Ins. Co.* Slip Copy 2009 WL 1043974, M.D. Fla, 2009, April 12, 2009 citing *Reese v Herbert*, 527 F.3d 1253,

1265 (11th Cir. 2008). Also, "Compliance with Rule 26 is 'not merely an aspiration' as 'the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise'" *Reese*, 527 F.3d at 1255, quoting *Cooper v Southern Co.,* 390 F.3d 695, 728 (11th Cir. 2004), overruled on other grounds, *Ash v. Tyson Foods, Inc.,* 546 U.S. 454, 457-58 (2006). "[T]he expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Reese*, 527 F.3d at 1265. Additionally, an "expert report must be complete 'such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.' in *Dyett v N. Broward Hosp. Dist.,* No. 03-60804-CIV, 2004 (WL 5320630 at *1 (S.D. Fla. Jan 1, 2004).

Fed.R.Civ.P. 37(c)(1) states that if a party fails to identify an expert witness or provide the information required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." A "party's failure to properly disclose an expert witness is harmless when no prejudice results to the opposing party." *Weaver v. Lexington Ins. Co.,* No . 8:05-cv-1913-T-27TBM, 2007 WL 1288759, at *2 (M.D. Fla. May 2, 2007).

**Statement of Facts.** Counsel for the Plaintiffs had ample notice of their deadline in the Case Management and Scheduling Order dated December 3, 2009 (doc 33). Because Defendants' deadline for Expert Witness Disclosure was looming, contact between the two offices was

initiated by Defendants on or about March 8, 2010. These conversations resulted in Defendants' Unopposed Motion to Extend Time for Expert Disclosure (Doc 47) and subsequent Endorsed Order Granting same (doc 48).

It was not until Defendants' efforts to meet their own deadline requirements, 30 days after Plaintiffs' disclosure deadline, that Defendants became aware of the <u>name</u> of Plaintiffs' proposed expert witness. Even then, Plaintiffs' counsel did not provide any contact information for this expert witness. Defendants were not provided with contact information for the proposed expert witness from Plaintiffs until receiving their Answers to Interrogatories on or about March 20, 2010, more than 60 days *after* their due date of January 8, 2010. To date, almost 60 days after their disclosure deadline and a mere 10 days before discovery cut-off, Plaintiffs *still* have not provided Defendants with any expert witness report and/or written opinion. Moreover, Plaintiffs' counsel has not communicated any reason for the nondisclosure, nor requested any extension of time for compliance with the reporting requirement of Rule 26.

**Argument.** In the instant case, the failure of Plaintiff's counsel to provide Defendants with expert witness reports and/or opinions is neither substantially justified nor harmless. In fact, Defendants have already been prejudiced by the Plaintiffs' nondisclosure in that its own expert witnesses have been unable to refute or rebut the opinions that Plaintiffs' expert may have. Further, as the discovery cut-off in this case is in a matter of days, Defendants do not have ample time to schedule and prepare for a deposition of Plaintiffs' proposed expert witness. Even if a written report and/or expert opinion were provided immediately upon

receipt of this filing, Defendants are not guaranteed to have the opportunity to depose Plaintiffs' proposed expert witness. Thus, there is no way to avoid being ambushed at trial by any opinion Plaintiffs' expert witness may proffer should Plaintiffs' untimely and inadequate expert disclosure be allowed to stand. Such an egregious act of noncompliance with both the Federal Rules of Civil Procedure and this Court's own Case Management and Scheduling Order absolutely prejudices the Defendants should any portion of the findings or opinions of Plaintiffs' proposed expert witness be the basis for argument at trial. Plaintiffs' disregard for the Federal Rules of Civil Procedure and this Honorable Court's Order notwithstanding, disclosure at this late date makes preparation for trial on the current Track 2 pace a near impossibility.

While it is understood that striking an expert witness is a drastic sanction to request, Defendants assert that it is necessary in this case. Although Fed. R. Civ. P. 34 (c) (1) provides for less severe sanctions for a party's failure to comply with Rule 26(a), Defendants respectfully submit for the Court's consideration the recent findings by the Southern District in *Ace Technology Corp., v GFM Corp.* Slip Copy 2010 WL 900525, S.D. Fla., 2010, March 11, 2010 wherein the Court granted Defendants' Motion to Strike Expert Witness for Failure to Comply with Disclosure Requirements. In *Ace*, Plaintiffs submitted an expert summary/report that Defendants felt was inadequate and not in compliance with Rule 26. This dispute was not over deadline or nondisclosure, but over adequacy of the summary submitted. Because the summary contained three sentences, the Court found it to be inadequate to be in compliance with the Rule 26(a)(2) and granted Defendant's Motion to

Strike Expert Witness for Failure to Comply with Disclosure Requirements. If a submitted summary within the deadline can be found inadequate and subsequently that expert witness is stricken, surely the delayed disclosure of a proposed expert's identity, still later disclosure of a proposed expert witness' contact information, and complete nondisclosure of any written report and/or opinion or even a summary thereof must be a sufficient basis for Defendants' Motion to Strike Expert Witness.

WHEREFORE, Defendant, CITY OF PALM BAY, moves this Honorable Court to strike Plaintiffs' Expert Witness for Failure to Comply with Disclosure Requirements.

### CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that in compliance with Local Rule 3.01 (g), the undersigned has communicated with opposing counsel regarding the issues raised herein as detailed above and was unable to resolve this matter
.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Strike Plaintiff's Expert Witness electronically filed and furnished by CM/ECF to James E. Taylor, Esquire, 1215 E. Amelia Street, Orlando, Florida 32803; and J. Edwin Mills, Esquire, 207 E. Livingston Street, Orlando, Florida 32802-3044, this 6th day of April, 2010.

/s/ **Donovan A. Roper**_____
DONOVAN A. ROPER, ESQUIRE
Roper & Roper, P.A.
116 North Park Avenue
Apopka, Florida 32703
Telephone: 407-884-9944
Florida Bar No.: 858544
donroper@roperandroper.com
Attorneys for Defendant CITY OF PALM BAY

DAR/ah