UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS E. TERRELL, as Personal
Representative of the Estate of Aaron L.
Zylstra, Deceased, et al,
    Plaintiffs,

v.                                                      Case No.: 6:09-cv-01440-JA-DAB

THE CITY OF PALM BAY, FLORIDA, a Municipal
Corporation of the State of Florida, et al,
    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS.**

    **COMES NOW,** Thomas E. Terrell, Plaintiff, and files this his response to Defendants' Motion to Strike Plaintiff's Expert Witness, and would state:

    1. That pursuant to this Honorable Court's Case Management and Scheduling Order entered in early December, 2009, Plaintiff's deadline for disclosure of its expert witnesses and their initial reports was set for February 8, 2010.

    2. That Plaintiffs disclosed their expert witness, William Gaut, on or before February 8, 2010.

    3. That on April 8, 2010, the Parties filed their Joint Motion for Extension of Time to Conclude Discovery and for Dispositive Daubert and Markman Motions (doc 50), citing the need to conduct additional depositions of the Parties experts and on April 9, 2010, this Honorable Court granted in part and denied in part said Motion, extending the discovery deadline until May 14, 2010 and the dispositive motion deadline to May 28, 2010 (doc 51).

4. That on April 6, 2010, Plaintiffs' filed their Motion to Strike Plaintiff's Expert Witnesses, alleging prejudice due to the inability to conduct necessary discovery to proceed to trial (doc 49).

5. That Plaintiffs provided Defendants with William Gaut's expert report containing a complete statement of all opinions to be expressed and the basis or reasons therefore, as well as the information about the data considered, the witness' qualifications, the compensation earned and other recent cases in which he has testified on April 12, 2010, more that 30 days prior to the new discovery deadline.

6. That on April 20, 2010, the Parties scheduled the depositions of William Gaut and David M. Grossi, one of Defendant's expert witnesses for May 3, 2010, some 13 days prior to the new discovery deadline.

**Memorandum of Law.**

A Party failing to comply with Rule 26 bears the burden of showing that its actions were substantially justified *or harmless* (emphasis added). See: Weaver v. Lexington Insurance, 2007 WL 1288759 (M.D. Fla.) and Parrish v. Freightliner, LLC, 2006 WL 1169694 M.D. Fla. May 3, 2006). This Court has previously ruled that failure to make the required expert witness disclosures is harmless when there is no prejudice to the party entitled to disclosure. See: Ellison v. Windt, 201 WL 118617 (M.D. Fla. 2001), citing Nguyen v. IBP, Inc., 162 F.R.D. 675 at 680 (D.Kan. 1995). The Ellison court reasoned that although the expert's report was disclosed after the due date, there was ample time remaining in the discovery period to depose the expert. See: Ellis, supra.

**Argument.**

There is no dispute that William Gaut's expert report was disclosed after the February 8, 2010, due date. Plaintiffs concede that the delayed disclosure was not substantially justified. William Gaut's report has been disclosed and his deposition is scheduled for May 30, 2010, well within the extended discovery deadline of May 13, 2010. Counsel for Defendants has told the undersigned that he received William Gauts report after the Motion to Strike Plaintiffs' Expert Witness and can not demonstrate prejudice so long as the witness is produced for the deposition currently scheduled.

WHEREFORE, Thomas E. Terrell, Plaintiff, prays this Honorable Court enter its Order Denying Defendants' Motion to Strike Plaintiffs' Expert.

**Certificate of Compliance.**

I HEREBY CERTIFY that on April 20, 2010, in compliance with Local Rule 3.10(g), the undersigned communicated with opposing counsel regarding the issues raised herein as detailed above and is authorized to report to this Honorable Court that counsel acknowledges receiving William Gaut's report and that said witness' deposition is scheduled for May 3, 2010 and that Defendants suffer no demonstrable prejudice so long as the expert is produced for deposition

## Certificate of Service.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed and furnished by CM/ECF to Donovan A. Roper, attorney for Defendants, 116 North Park Avenue, Apopka, Florida 32703 this 21th day of April, 2010.

        **/s/James E, Taylor**_____
JAMES E. Taylor
Florida Bar No.: 149450
1215 East Amelia Street
Orlando, Florida 32803
(407) 849 8444

        **/s/J Edwin Mills**_____
J. Edwin Mills
Florida Bar No.: 400599
1215 East Amelia Street
Orlando, Florida 32803
(407) 246 7090